UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JASON R. CRAIG,

        Petitioner,

        v.                                  CASE NO. 2:26-CV-182-HAB-ALT

SHERIFF,

        Respondent.

## OPINION AND ORDER

Jason R. Craig, a prisoner without a lawyer, filed a habeas petition in connection with his pretrial detention in the Porter Country Jail. Pursuant to Section 2254 Habeas Corpus Rule 4, the Court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

To start, Craig does not identify his State criminal proceedings, but a review of the electronic docket for the State courts[1] reveals that he has five pending criminal cases in the Porter Superior Court: (1) Case No. 64D01-2511-F6-012755 (filed Nov. 17, 2025); (2) Case No. 64D01-2602-F6-1163 (filed Feb. 2, 2026); (3) Case No. 64D01-2603-F4-2445 (filed Mar. 5, 2026); (4) Case No. 64D01-2603-F4-3096 (filed March 19, 2026); and (5) Case No. 64D01-2605-F6-5672 (May 20, 2026). It also reveals that several of his claims are unfounded, including his claims that he has not been arraigned, received appointed counsel, or received a bond determination. More specifically, the electronic docket indicates that he has had an initial appearance, been appointed counsel, and had bond set at certain amounts in each of his five cases.

---

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/. *See also Patrick v. City of Chicago*, 81 F.4th 730, 734 n.2 (7th Cir. 2023) (state court proceedings are a proper subject of judicial notice).

Craig further argues that he is entitled to habeas relief due to the unconstitutional conditions of his confinement. However, he cannot seek relief related to the conditions of his confinement in this habeas proceeding. *See Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003) (observing that "[c]hallenges to conditions of confinement . . . fall under [42 U.S.C.] § 1983," whereas "[a]ttacks on the fact or duration of the confinement" fall under the federal habeas statute). Finally, Craig argues that he is entitled to habeas relief because he has been denied the right to a speedy trial. However, he cannot prevail on such a constitutional claim because none of his criminal cases have been pending for longer than one year. *See United States v. Hills*, 618 F.3d 619, 629–30 (7th Cir. 2010) (one-year delay is a threshold requirement for constitutional speedy trial claims). Craig references his right to a speedy trial under Indiana law, but "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Because the amended habeas petition states no valid claims, the Court will dismiss the amended habeas petition.

Pursuant to Section 2254 Habeas Corpus Rule 11, the Court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the Court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the Court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate whether the petition states a valid claim or for encouraging Craig to continue pursuing his claims in federal court.

For these reasons, the Court:

(1) DISMISSES the amended petition (ECF 3, ECF 4) pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

(2) DENIES Jason R. Craig a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

**SO ORDERED** on June 29, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT